# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BEVERLY NAVES, )
 )
       Plaintiff, )
vs. ) NO. CIV-06-0323-HE
 )
GLEN D. HICKERSON, ET AL., )
 )
       Defendants. )

## ORDER

Defendants, Oklahoma Troopers Keith Robertson and Jim Parish, move for summary judgment.[1] The plaintiff initiated the present case in August 2006. In September 2006, the court dismissed plaintiffs' claims against several state and federal judges. In November 2006, the court dismissed several claims against the remaining defendants and stayed the action pending related state criminal proceedings. Remaining to be heard after the recent reopening of the case are plaintiffs 42 U.S.C. § 1983 claims against defendants Robertson and Parish for false arrest, false imprisonment, and unlawful search and seizure.[2]

Plaintiff's claims stem from a traffic stop and arrest carried out by the defendants in

---

[1]*Although defendants' motion is titled "Motion for Summary Judgment," it purports to be filed pursuant to Fed. R. Civ. Pro. 12(b)(6), at least in part. Further, defendants' discussion of the proper legal standard to be applied intermixes propositions applicable to motions for summary judgment, motions to dismiss for failure to state a claim, and motions for judgment on the pleadings. As the defendants' arguments rely on evidence outside the pleadings, the court construes the motion as one for summary judgment under Fed. R. Civ. Pro. 56 and, accordingly, applies the summary judgment standard.*

[2]*Defendants' motion refers to claims for malicious prosecution, ineffective assistance of counsel, and violation of plaintiff's speedy trial rights. To the extent plaintiff originally asserted such claims, they were asserted against defendants other than Parish and Robertson and have, in any event, been dismissed by prior order.*

February 2005. According to plaintiff, defendants were not justified in pulling her over and thus committed an unlawful seizure. "Before initiating a stop of a vehicle, an 'officer must have an objectively reasonable articulable suspicion that a traffic violation has occurred.'" United States v. Barraza-Martinez, 2010 WL 381618 at *4 (10th Cir. February 4, 2010) (citing United States v. Soto, 988 F.2d 1548, 1554 (10th Cir. 1993)). Defendants assert it is an undipsuted fact that plaintiff was speeding, relying on defendant Roberts's affidavit submitted to the District Court for Okfuskee County. The affiant stated, among other things, that prior to pulling plaintiff over he and defendant Parish independently clocked plaintiff's speed at 89 and 92 miles per hour, respectively. Def.'s Mot. for Summary Judgment, Ex. 1. Plaintiff has offered no evidence controverting the assertion that plaintiff was driving in excess of the speed limit. In the affidavit accompanying her brief in opposition to summary judgment, plaintiff does not deny that she was speeding, but states the suggestion of speeding is disputed by her "sworn testimony that she was followed closely for an indeterminate length of time, in the dark of night, by a vehicle which did not display warning lights" and was in an area where road rage incidents had occurred. She states she "accelerated" in "apprehension of being run off the road." Although it is possible these circumstances, if proven, might show an arguable justification for speeding, or at least an explanation for it, they do not dispute the fact that speeding occurred. As a result, the undisputed facts show the officers to have had a sufficient basis to warrant the stop.

As to plaintiff's false arrest and false imprisonment claims, the key issue is whether probable cause existed to support the defendants' arrest of the plaintiff. Grubbs v. Bailes,

2

112 F.3d 1275, 1278 (10th Cir. 2006) ("the focal point of our analysis [into plaintiff's § 1983 false arrest and false imprisonment claims] is the probable cause supporting plaintiff's arrest"). "[A] warrantless arrest is lawful under the Fourth Amendment if there is probable cause to believe that the person arrested has committed an offense." Tantberg v. Sholti, 401 F.3d 1151, 1159 (10th Cir. 2005). Plaintiff does not dispute that she was speeding or that she was unsteady on her feet.[3] Under the circumstances, these undisputed facts readily establish probable cause for plaintiff's arrest, thus precluding her false arrest and false imprisonment claims.

Plaintiff also claims that the search of her vehicle, incident to her arrest, was unlawful. Where, as here, defendants assert qualified immunity by summary judgment motion, the burden shifts to the plaintiff to show that, on the facts alleged, (1) the defendants violated his or her constitutional or statutory rights and (2) the right in question was clearly established at the time of the alleged violation. Fisher v. City of Las Cruces, ___F.3d___, 2009 WL 3336075 at *6 (10th Cir. 2009). As to the "clearly established" element, the question is whether the right at issue, in light of the specific context of the case rather than as a broad proposition, was clearly established at the time of the incident. *Id.* at *12. The plaintiff's Fourth Amendment rights may well have been violated by the search of her car, in light of the standards since set out in the Supreme Court's decision in Arizona v. Gant, 556 U.S. ___,

---

[3]*Though plaintiff explains in her affidavit that she is "crippled" and "must hobble to avoid falling down" when she walks, potentially explaining her unsteadiness on her feet, the relevant inquiry is what a reasonable officer would have understood at the time based on the existing circumstances.*

3

129 S. Ct. 1710 (2009). However, in February 2005, when the events at issue took place, the standard set out in Gant was not clearly established. Rather, at that time the law was "widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search." Gant, 129 S. Ct. at 1718. Because the Gant rule was not "clearly established" at the time of arrest, and the plaintiff has made no showing that the search of her vehicle was unlawful under the law as "clearly established" at the time, the defendants are entitled to qualified immunity with regard to plaintiff's unlawful search claim.

Accordingly, the defendants' motion for summary judgment [Doc. No. 65] is **GRANTED** as to all claims.

**IT IS SO ORDERED**.

Dated this 8th day of March, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

4